UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SILVERT HITCHINS,

           Plaintiff,

  - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

           Defendant.
-------------------------------------------------------------X

**ORDER DENYING
APPOINTMENT OF COUNSEL**
11-CV-4180 (RRM)(RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff *pro se* initiated this action on August 25, 2011 alleging that he was terminated from his job at the New York City Department of Education because of his color and national origin in violation of Title VII of the Civil Rights Act of 1964. (Compl. (Doc. No. 1).) Plaintiff was granted indigent status on August 30, 2011, and now renews his request for appointed counsel, which this Court previously denied on September 3, 2012. (Pl.'s Letter (Doc. No. 16).)

      The Court may appoint an attorney for an indigent plaintiff where there is a "threshold showing of some likelihood of merit," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171–74 (2d Cir. 1989), and if so, after considering such factors as the nature of the factual issues, the need for substantial investigation, and plaintiff's ability to present the case, among others. *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

      At this stage of litigation, the Court is unable to ascertain whether plaintiff's claims are likely to have merit. *See Griffin v. Brighton Dental Grp.*, No. 09-cv-6616, 2011 WL 841353, at *5 (W.D.N.Y. Mar. 8, 2011); *see also Colon-Reyes v. Fegs Health & Human Servs. Sys.*, No. 12-cv-2223, 2012 WL 2353732, at *1 (S.D.N.Y. June 13, 2012) ("[T]his is not the rare case where the merit of the plaintiff's claim is so apparent that the Court feels compelled to appoint counsel

to vindicate the plaintiff's cause."). Moreover, plaintiff, a former school teacher, has demonstrated the ability to gather facts and address various issues in the case. His filings thus far have been clear and coherent. *See Nielsen v. Bellevue Hosp. Ctr.*, No. 94-cv-0774, 1996 WL 352882, at *5 (S.D.N.Y. June 26, 1996) (citing *Cooper*, 877 F.2d at 172)). Plaintiff has not shown that the case is especially complex or that he will be unable to litigate it adequately without counsel. *See Harris v. Buffardi*, No. 08-cv-1322, 2009 WL 3381564, at *7–8 (N.D.N.Y. Oct. 19, 2009); *Griffin*, 2011 WL 841353, at *5. As such, the Court denies plaintiff's renewed motion for the appointment of counsel.

## CONCLUSION

Plaintiff's request for appointment of counsel (Doc. No. 16) is DENIED. The Clerk of Court is directed to mail a copy of this Order to plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      January 11, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge