UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SILVERT HITCHINS,

                Plaintiff,

        - against -

NYC DEPARTMENT OF EDUCATION,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-4180 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Silvert Hitchins, proceeding *pro se* and *in forma pauperis*, commenced this

action on August 25, 2011, alleging wrongful termination of his employment in violation of the

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as any related state

provisions under New York law.  (Doc. No. 1.)  Before the Court are two motions, plaintiff's

motion for reconsideration (Doc. No. 18) and defendant's motion to dismiss for failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. No. 19).  For the reasons that follow, plaintiff's

motion for reconsideration is DENIED and defendant's motion to dismiss is GRANTED.

### DISCUSSION

Although a *pro se* plaintiff must satisfy pleading requirements, the Court is "obligated to

construe a *pro se* complaint liberally."  *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009)

(citations omitted).  In other words, the Court holds *pro se* pleadings to a less exacting standard

than pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Boykin v.

KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (citation omitted).  Since *pro se* litigants "are

entitled to a liberal construction of their pleadings," the Court reads *pro se* pleadings to "raise the

strongest arguments that they suggest."  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)

(internal citations omitted).  However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York,* 956 F.Supp. 257, 259 (E.D.N.Y. 1995).  When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim.  *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

Pursuant to Rule 12(b)(6), defendant has moved to dismiss the complaint on the ground that plaintiff has failed to state a claim for discrimination based on race or national origin. Plaintiff has moved for reconsideration of the Court's denial of the appointment of counsel and has also requested an extension of time to reply to defendant's motion to dismiss.  The Court first considers plaintiff's renewed request for the appointment of counsel.

## I.    Motion for Reconsideration

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F.Supp.2d 344, 347 (E.D.N.Y. 2003).  "A motion for reconsideration is not an opportunity to relitigate claims that have already been adjudicated." *Williams v. County of Nassau*, 779 F.Supp.2d 276, 279 (E.D.N.Y. 2011) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  Rather, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).  The decision to grant or deny a motion for reconsideration lies

2

squarely within the discretion of the district court.  *See Devlin v. Transp. Comm'ns Union*, 175 F.3d 121, 132 (2d Cir. 1999).

This is not plaintiff's first request for appointment of counsel.  On January 17, 2012, plaintiff filed a motion requesting that this Court appoint counsel for him in this matter.  (Doc. No. 8.)  Plaintiff again requested the appointment of counsel by a letter dated July 26, 2012.  (*See* Doc. No. 9.)  By an Order dated September 3, 2012, this Court denied plaintiff's request without prejudice to renewal upon a satisfactory showing that the complexity of the issues in the case were likely to exceed plaintiff's ability.  On October 12, 2012, plaintiff requested additional time to find representation.  (*See* Doc. No. 11.)  By an Order dated November 8, 2012, the Court granted plaintiff's request for an extension.

On December 3, 2012, plaintiff again requested an extension and the appointment of counsel.  (*See* Doc. No. 16.)  On January 11, 2013, the Court reviewed the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), and determined that plaintiff was not entitled to the appointment of counsel.  (*See* Doc. No. 17.)  On March 6, 2013, plaintiff again renewed his request, which the Court now construes as a motion for reconsideration of its January 11 Order.  For the reasons articulated in that Order, plaintiff has not made a sufficient showing that he is entitled to the appointment of counsel in this case.  Moreover, plaintiff has failed to identify any factual or legal issues that were overlooked by the Court at the time the original Order was issued.  As such, plaintiff's motion for reconsideration is denied.

## II.   Motion for an Extension of Time

In his letter dated March 6, 2013, plaintiff also requested that the Court allow him three additional months to respond to defendant's motion.  (*See* Doc. No. 18.)  Defendant first filed its motion to dismiss on November 3, 2012.  (Doc. Nos. 13-15.)  By an Order dated November 8,

2012, this Court extended plaintiff's time to obtain counsel and respond to defendant's motion until December 5, 2012.  On January 11, 2013, the Court again extended plaintiff's time to respond to defendant's motion, directing plaintiff to serve any opposition on or before February 1, 2013.  (*See* Doc. No. 17.)  Due to a clerical error, however, plaintiff was not mailed a copy of the Court's January 11 Order.  By a Supplemental Order dated February 14, 2013, the Court further extended plaintiff's time to respond to the motion until March 7, 2013.[1]  As of the date of this Order, plaintiff has failed to file any opposition.

While the Court presumes that plaintiff's repeated failure to respond to defendant's motion is related to plaintiff's attempts to secure counsel, a fourth extension of time is not warranted.  As plaintiff has not shown that he is entitled to the appointment of counsel under *Hodge*, plaintiff must obtain his own counsel or proceed in this action *pro se*.  Plaintiff is warned that "[w]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders."  *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).  A necessary corollary is that plaintiff must comply with deadlines as set by this Court.  In any event, plaintiff will suffer no prejudice in the absence of an extension.  For the reasons explained below, though the Court ultimately determines that defendant's motion to dismiss should be granted, the Court also grants plaintiff leave to amend his complaint.[2]

## III.   Motion to Dismiss

When deciding a motion to dismiss, the Court's review is "limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint

---

[1] The Court also directed defendant to refile the fully briefed motion on or before March 21, 2013.

[2] During the period allotted to re-plead his claims, plaintiff is of course free to continue to seek representation. Whether plaintiff proceeds with counsel or *pro se*, however, in the absence of an extension the Court expects compliance with established deadlines.

by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).  In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At this stage, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant.  *See Harris*, 572 F.3d at 71.  A complaint need not contain "'detailed factual allegations,'" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Generally, claims brought under Title VII are analyzed under the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under that analysis, a plaintiff must make out a *prima facie* case demonstrating that (1) he was within the protected class; (2) he was qualified for and adequately performed his duties; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See McDonnell Douglas*, 411 U.S. 802-04; *United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011).[3]  However, the *McDonnell Douglas* framework does not apply at the motion to dismiss stage.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F.Supp.2d 228, 236 (E.D.N.Y. 2011).  At this early stage in the litigation, the Court asks only whether a plaintiff has pled a *prima facie* case, not whether a plaintiff has *established* that case.  Thus, the standard

---

[3] The same general analysis applies to claims brought under New York law.  *See Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992).

is simply whether plaintiff's complaint, construed liberally, satisfies the federal pleading requirements for a claim of wrongful termination.

Plaintiff claims that defendant "discriminated against [him] on account of [his] race (Black) and national origin (Haitian)" by terminating his employment "after [defendant] conducted an investigation into allegations that [plaintiff] had [an] altercation with a white male teacher and [] got into a heated argument with a white female teacher."  (Compl. (Doc. No. 1) ¶ 8.)  Plaintiff also claims that he was assaulted by the "white male teacher" and that defendant falsely claimed that plaintiff "pressured a student into writing a statement in [plaintiff's] defense."  (*Id.* at 5.)  Plaintiff also alleges he "was set up for termination" in response to ill will on the part of "administrators and teachers" who disliked plaintiff because of his race and national origin.  (*Id.*)  To support his claim, plaintiff alleges that "[o]n numerous occasions, [plaintiff] was told by the assistant principal that [plaintiff] should leave the school" and relocate to another facility "[w]here there is a large Haitian student population."  (*Id.*)  Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 13, 2010. (Def.'s Aff. in Supp. of Mot., Ex. A (Doc. No. 20-1) at 3-4.)  The EEOC issued a right to sue letter on May 21, 2011.  (Compl. at 7.)

At the motion to dismiss stage, "[a] clear statement from the plaintiff alleging discrimination by the defendant" is generally sufficient.  *Lax, Inc.*, 812 F.Supp.2d at 237. "Employment discrimination claims need not contain specific facts establishing a prima facie case of discrimination."  *Fowler v. Scores Holding Co., Inc.*, 677 F.Supp.2d 673, 679 (S.D.N.Y. 2009).  However, a "complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a Court could find a violation . . . fails to state a claim under 12(b)(6)." *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir. 1978).

6

At minimum, a claim under Title VII requires some plausible allegation suggesting "circumstances giving rise to an inference of discrimination."  *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567 (2d Cir. 2000).  Here, however, plaintiff has failed to allege any facts that suggest his altercation, the ensuing investigation, or his termination were in any way connected to his race or national origin.  Similarly, plaintiff has failed to identify any link between the statements made by the assistant principal and an adverse employment action, whether it be the defendant's investigation or plaintiff's subsequent termination.  Although plaintiff's hurdle is low and his claim need only be "plausible," *Iqbal*, 556 U.S. at 678, "a jury cannot infer discrimination from thin air."  *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001).  Ultimately, plaintiff's allegations do "little more than cite to his mistreatment and ask the court to conclude that it must have been related to his race [or national origin]."  *Id.*  Even construed liberally, with all inferences drawn in plaintiff's favor, such bare allegations do not plausibly give rise to a claim for discrimination.  *Cf. Harper v. Hunter Coll.*, No. 95-CIV-10388 (JFK), 1999 WL 147698, at *2 (S.D.N.Y. Mar. 15, 1999), *aff'd*, 199 F.3d 1322 (2d Cir. 1999).  Accordingly, plaintiff's claim must be dismissed.

## IV.    Leave to Amend

Rule 15(a), however, contemplates that courts will "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Where a cause of action is dismissed due to deficient pleading, leave to amend should generally be granted.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Petrone v. Hampton Bays Union Free Sch. Dist.*, No. 03-CIV-4359 (SLT) (ARL), 2009 WL 2905778, at *15-16 (E.D.N.Y. Sept. 10, 2009).  This is especially true where, as here, a litigant proceeds *pro se*.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Marcelin v. Cortes-Vazquez,* No. 09-CIV-4303 (RRM) (JMA), 2011 WL 346682, at *2

(E.D.N.Y. Jan. 28, 2011) ("The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs.").

Therefore, plaintiff is granted leave to amend his complaint to state a valid cause of action under Title VII.  Any such amendment must be filed within thirty (30) days of the date of this Order.  No extensions to this deadline will be granted absent extraordinary circumstances. Any amended complaint must be clearly marked "Amended Complaint" and bear docket number 11-CV-4180.

Should plaintiff decide not to amend his complaint, or should plaintiff fail to file an amended complaint within the time period specified in this Order, this action will be dismissed.

## CONCLUSION

For the forgoing reasons, plaintiff's motion for reconsideration (Doc. No. 18) is DENIED.  Defendant's motion to dismiss (Doc. No. 19) is GRANTED; however plaintiff is granted leave to amend within thirty (30) days of the date of this Order.

The Clerk of Court is directed to mail a copy of this Order to plaintiff *pro se* via U.S. Mail and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      March 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

8