UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SILVERT HITCHINS,

           Plaintiff,

   - against -

NYC DEPARTMENT OF EDUCATION,

           Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CIV-4180 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Silvert Hitchins, proceeding *pro se* and *in forma pauperis*, commenced this action on August 25, 2011, alleging wrongful termination in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as any related state provisions under New York law. (Doc. No. 1.) On March 28, 2013, this Court granted defendant's motion to dismiss for failure to state a claim, but granted plaintiff leave to amend his complaint on or before April 27, 2013. (Doc. No. 22.) No amended pleading having been filed, the Court dismissed this action on April 30, 2013. The Court is now in receipt, however, of an amended complaint apparently filed by plaintiff on April 29, 2013. (Doc. No. 25.) Although it was filed after the Court's deadline, pursuant to the safe harbor provision of Fed. R. Civ. P. 6(a)(1)(C) and in recognition of plaintiff's *pro se* status, the Court VACATES its earlier Order and reviews the amended complaint. *Cf. Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009); *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008).

      Construing the amended complaint liberally, assuming the truth of all factual allegations, and drawing all reasonable inferences plaintiff's favor, however, the Court cannot conclude that the new allegations plausibly give rise to a claim for discrimination. In granting defendant's

motion to dismiss, the Court observed that plaintiff had "failed to allege any facts" to suggest discrimination on the basis of his race or national origin or "to identify any link" between some discriminatory conduct and an adverse employment action. (Doc. No. 22 at 7.) Although plaintiff's amended complaint alleges new facts, none suggest "circumstances giving rise to an inference of discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567 (2d Cir. 2000). Like the original complaint, plaintiff's allegations merely "cite to his mistreatment and ask the court to conclude that it must have been related to his race [or national origin]." *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001). As such, plaintiff's new allegations do not cure the defect in his original complaint.

Because the allegations in the amended complaint do not plausibly give rise to a claim for discrimination on the basis of plaintiff's race or national origin, the amended complaint is likewise DISMISSED.[1] The Clerk of Court is directed to close this case. The Clerk of Court is further directed to mail a copy of this Order and the accompanying judgment to plaintiff *pro se* via U.S. Mail and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      June 18, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Generally, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court should grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). As noted, however, leave to amend was already granted in this case. Moreover, under the *in forma pauperis* statute the Court must dismiss a complaint that "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).